UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MIGUEL GOMEZ NAHUACATL,**

**Petitioner,**

**v.** **Case No. 26-CV-1687**

**DALE J. SCHMIDT, *et al.*,**

**Respondents.**

---

## DECISION AND ORDER

---

Miguel Gomez Nahuacatl is a citizen of Mexico who is currently detained in this district at the Dodge County Detention Facility. (ECF Nos. 1, 12.) Gomez Nahuacatl filed a petition for writ of habeas corpus arguing that his detention without eligibility for bond is unlawful. (ECF No. 1.) The court screened the petition and ordered the respondent to show cause why the writ should not be issued. (ECF No. 9.) The government filed its response to the show cause order, and all parties have consented to the full jurisdiction of this court pursuant to 28 U.S.C. § 636(c). (ECF Nos. 8, 11, 13, 18.)

### 1. Background

Gomez Nahuacatl entered into the United States at an unknown date. (ECF No. 12-3 at 1.) He has no aggravated felony convictions and is unmarried. (ECF No. 12-1 at 1.)

Immigration and Customs Enforcement (ICE) arrested Gomez Nahuacatl after doing license plate checks while pursuing a different person. (*Id.* at 2.) He has been in the custody of the Department of Homeland Security (DHS) since approximately June 27, 2026. (*Id.*)

**2. Analysis**

Gomez Nahuacatl challenges his placement in mandatory detention based on the government's new interpretation of 8 U.S.C. § 1225(b)(2)(A). As of July 8, 2025, the government classifies any noncitizen who entered the United States without inspection, regardless of the length of time present in this country, as an "applicant for admission" under § 1225(b)(a)(1) and deems the phrase "applicant for admission" equivalent to "alien seeking admission" under § 1225(b)(2)(A), rendering such an individual subject to § 1225(b)(2)(A)'s requirement of mandatory detention. *See Garcia Guerrero v. Schmidt*, No. 25-CV-1975-BBC, 2026 WL 45263, 2026 U.S. Dist. LEXIS 2223, at *1–2 (E.D. Wis. Jan. 7, 2026) (acknowledging historical practice and new policy). The government previously afforded bond hearings under § 1226 to noncitizens if they had resided in the United States for years prior to being apprehended and placed in removal proceedings. *See id.* The about-face is purely a new interpretation of an unchanged statute.

Given the recent Seventh Circuit Court of Appeals decision in *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026), the government concedes that Gomez Nahuacatl is subject to detention under § 1226(a) "as an individual arrested in the interior of the United States

after entering without inspection." (ECF No. 11 at 2.) This means that Gomez Nahuacatl is entitled to a bond hearing. However, the government argues that, after *Cirrus Rojas*, Gomez Nahuacatl must first exhaust his administrative remedies by requesting a custody redetermination hearing before the immigration court. (*Id.* at 1–2.)

The government's response acknowledges that there is a split between district court judges in the Seventh Circuit about whether a petitioner must first administratively exhaust his remedies before he can request a bond hearing. (ECF No. 11 at 5.) The Eastern District of Wisconsin has seen a split of authority on the issue. *Compare Singh v. Schmidt*, No. 26-CV-1249-BHL, 2026 WL 2641784, 2026 U.S. Dist. LEXIS 202009, at *1 (E.D. Wis. Sept. 8, 2026) (because *Cirrus Rojas* did not suggest that anything about the immigration court's procedures themselves were improper or unenforceable, administrative exhaustion is required), *with Gutierrez Hernandez v. Schmidt*, 26-CV-1274-LA, 2026 WL 2427418, 2026 U.S. Dist. LEXIS 186029, at *2 (E.D. Wis. Aug. 19, 2026) (the "unreasonable delay" in affording the petitioner a bond hearing was "enough on its own to excuse the lack of exhaustion[]"), *and Bolivar-Ascanio v. Schmidt*, No. 26-CV-1319-PP, 2026 WL 2445486, 2026 U.S. Dist. LEXIS 187356, at *6 (E.D. Wis. Aug. 20, 2026) ("requiring the petitioner to return to the immigration court to file for the same relief that this court can grant would cause unreasonable delay[]").

There is no statutory requirement to exhaust when seeking a bond hearing in this circumstance, and "[w]here Congress has not clearly required exhaustion, sound judicial

discretion governs." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). Upon careful review of the evolving legal landscape, this court finds most persuasive those decisions that do not require administrative exhaustion, which will only delay Gomez Nahuacatl's bond hearing. Gomez Nahuacatl has been held in DHS custody since June 27, 2026—over three months.

Gomez Nahuacatl asked for this court to order his release. However, this court only has the authority to order that a bond hearing be given, not to order release. *See Cirrus Rojas*, 183 F.4th at 917 (7th Cir. 2026).

**3. Conclusion**

**IT IS THEREFORE ORDERED** that Miguel Gomez Nahuacatl's petition for writ of habeas corpus is **granted**. Within **seven days** of this order, the respondent must either: (1) provide Gomez Nahuacatl with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226; or (2) release Gomez Nahuacatl from custody under reasonable conditions of supervision. The Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 15th day of October, 2026.

William E. Duffin

WILLIAM E. DUFFIN
U.S. Magistrate Judge